# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**BETTY CAITLIN NICOLE SMITH,**

    **Plaintiff,**

vs.                                    Case No. 4:17cv369-MW/CAS

**EDWIN BAILEY BROWNING, III,**

    **Defendant.**

_____/

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, has submitted a complaint, ECF No. 1, and a motion requesting leave to proceed in forma pauperis, ECF No. 2. Plaintiff's financial affidavit demonstrates good cause, ECF No. 2, and the motion is granted.

Plaintiff's complaint has been reviewed to determine whether it states a plausible claim such that service should be directed. Plaintiff's complaint is brought against Edwin Bailey Browning, a state court judge. ECF No. 1. Plaintiff appeared before Judge Browning in a family law matter, presumably concerning child custody and visitation. *Id.* Plaintiff contends that Judge Browning denied her due process in that proceeding, and she

asserts numerous issues with the manner in which he presided over that proceeding. *Id.* at 9. As relief, Plaintiff requests a "re-do" of the proceeding as well as other injunctive relief, and "litigation fees." *Id.* at 10.

This is not Plaintiff's first challenge to actions taken by a state court judge. She previously brought case number 4:17cv110-MW/CAS against the attorney (Monica Taibl) who represented Plaintiff's former spouse, and against Judge Decker, who presided over a state court dissolution of marriage action with interrelated issues concerning visitation and child custody. That case was dismissed on March 31, 2017. ECF No. 9 of that case. As was explained in that case, federal courts refrain "from exercising authority over matters broadly described as 'domestic relations.'" U.S. v. Kegel, 916 F. Supp. 1233, 1235 (M.D. Fla., 1996) (citing Barber v. Barber,[1] 62 U.S. (21 How.) 582, 584, 16 L. Ed. 226 (1858); Simms v. Simms, 175 U.S. 162, 20 S. Ct. 58, 44 L. Ed. 115 (1898)). Federal courts are courts of limited jurisdiction and are not granted authority to decided cases which concern divorce, alimony, or child custody issues. Ankenbrandt v. Richards, 504 U.S. 689, 703, 112 S. Ct. 2206, 2215, 119 L. Ed. 2d 468

---

[1] In Barber, the wife (who lived in New York) filed a federal suit in Wisconsin against her husband, who lived in Wisconsin, seeking to enforce a New York state court decree concerning alimony. 62 U.S. at 584.

(1992) (concluding "that the domestic relations exception, as articulated by this Court since Barber, divests the federal courts of power to issue divorce, alimony, and child custody decrees."); *see also* Barber v. Barber, 62 U.S. 582, 584, 16 L. Ed. 226 (1858) (stating "[w]e disclaim altogether any jurisdiction in the courts of the United States upon the subject of divorce, or for the allowance of alimony"). In In re Burrus, 136 U.S. 586, 594, 10 S. Ct. 850, 853, 34 L. Ed. 500 (1890), the issue was a child-custody dispute in which the father sought to have the child removed from her grandparents care and given to him. When the grandfather refused to give up the child, he was arrested and taken to jail. The grandfather sought habeas relief and claimed he was illegally imprisoned because the father was wrongfully given custody. The Supreme Court held that "[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States." Burrus, 136 U.S. at 593-594.

Plaintiff's claim in this Court essentially seeks to overturn the state court proceedings. This Court lacks jurisdiction to do so. Moreover, this Court does not sit as an appellate court. If Plaintiff is dissatisfied with the result of the proceeding, she may file an appeal in the appropriate Florida

District Court of Appeal.  This Court, however, lacks authority to modify, vacate, or overrule orders entered by a state court judge.

Finally, even if this Court had jurisdiction over Plaintiff's claims, Judge Browning cannot be sued in this Court for actions taken in his capacity as a presiding state court judge.  The absolute immunity of a defendant is one of a number of grounds which justifies sua sponte dismissal.  <u>Clark v. Ga. State Pardons and Parole Bd.</u>, 915 F.2d 636, 640 n.2 (11th Cir. 1990) and cases cited.  When a judge acts in his or her judicial capacity, the judge is entitled to absolute immunity from liability for damages under § 1983 unless the judge's actions were in the "clear absence of all jurisdiction." <u>Stump v. Sparkman</u>, 435 U.S. 349, 355-357, 98 S.Ct. 1099, 1104-05, 55 L. Ed.2d 331 (1978); <u>Simmons v. Conger</u>, 86 F.3d 1080, 1084 (11th Cir. 1996).  Using the two-part test established in <u>Stump</u>, the first part is satisfied because Judge Browning dealt with Plaintiff in his "judicial capacity."  <u>Simmons</u>, 86 F.3d at 1084-1085 (quoting <u>Stump</u>, 435 U.S. at 362, 98 S. Ct. at 1107).  Even though Judge Browning was acting as a "substitute judge," he was acting in his judicial capacity and entered rulings in a case before him.  The second part of the test is also met because there are no allegations which reveal he "acted in the 'clear absence of all

jurisdiction.'" 86 F.3d at 1085; 435 U.S. at 357, 98 S. Ct. at 1105. Judge Browning had subject matter jurisdiction to hear the case, and the actions were not private or non-judicial. Simmons v. Conger, 86 F.3d 1080, 1084-85 (11th Cir. 1996). Plaintiff's claims against Judge Browning is barred by absolute judicial immunity and she may not seek to recover "litigation fees." Plaintiff's complaint, ECF No. 1, should be dismissed.

Accordingly, it is **ORDERED** that Plaintiff's motion requesting leave to proceed in forma pauperis, ECF No. 2, is **GRANTED**.

## RECOMMENDATION

It is respectfully **RECOMMENDED** for all the reasons explained above that Plaintiff's complaint, ECF No. 1, be **DISMISSED**.

**IN CHAMBERS** at Tallahassee, Florida, on September 27, 2017.

   S/     Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R.**

**Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**